## Donaldson, Appellant, v. Fellabaum.

*Deeds—Articles of agreement—Vendor and vendee—Boundaries —Monuments—Courses and distances.*

Where land in a deed is described by courses and distances and also by permanent monuments on the ground, such as a "run" and a "township road," the courses and distances must give way to the monuments.

Where a mistake in a deed is alleged, the article of agreement leading up to it is competent to show the intent of the parties.

Argued April 20, 1917. Appeal, No. 79, April T., 1917, by plaintiffs, from judgment of C. P. Westmoreland Co., Feb. T., 1916, No. 220, for defendants non obstante vere-

dicto in case of Thomas Donaldson and Mary, his wife, v. Charles H. Fellabaum, and Sarah, his wife.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Ejectment for land in Sewickley Township.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendants n. o. v.

*Hugh W. Walkinshaw*, with him *Lewis C. Walkinshaw*, for appellants.—The case was for the jury: Hollenback's App., 121 Pa. 322; Collins v. Rush, 7 S. & R. 146; Trustees of Kingston v. L. V. C. Co., 241 Pa. 469.

Courses and distances control where the location of the monuments is not established: Morrison v. Seaman, 186 Pa. 208; Bushey v. South Mount M. E. Iron Co., 136 Pa. 541; Haggerty v. Haggerty, 44 Pa. Superior Ct. 417.

A deed constitutes the final agreement between the vendor and vendee, and is presumed to supersede all other agreements different therefrom: Buchanan v. Dawson, 34 Pa. Superior Ct. 400; Wilson v. McNeal, 10 Watts 422; Creigh v. Beelin, 1 W. & S. 83; Seitzinger v. Weaver, 1 Rawle 377.

*Adam M. Wyant*, with him *Edward E. Robbins*, for appellees.—It is a principle of construction that where land is described by courses and distances and also by established landmarks, the landmarks form the true boundary and the courses and distances serve but to point towards the place: Miles Land Co. v. Hudson Coal Co., 246 Pa. 11.

OPINION BY HENDERSON, J., July 13, 1917:

The plaintiffs' title had its inception in an article of agreement with Barbara E. Patterson dated July 26,

1912, in which the latter agreed to convey to the former "All that certain lot or piece of ground lying in Sewickley Township, said county and state, and being what is known as the Malloy property or that portion of it between the township road and run near Shaner's Station, Pennsylvania." The conveyance was afterward perfected by a deed dated August 28, 1912. The description in the deed is as follows: "Beginning at a pin nearly in the center of the public road; thence along said road and by land formerly Stewart Osborne, south, 74 degrees east, 7.4 perches, to a pin; thence along said road and by land formerly of Patrick Dimpsey, south, 65 degrees east, 5.2 perches to a stone; thence by lands of which this lot was a part and down the center of the run, south, 54 degrees, west, 5.1 perches to a pin; thence down the same, north, 80 1-4 degrees west, 4.2 perches to a pin in the center of said run; thence north 45 1-2 degrees west, 1.8 perches to a pin, in the center of the run; thence north, 4 1-2 degrees east to a pin, in the center of said run, and thence north, 53 degrees west, 3.1 perches to the place of beginning. Containing thirty-nine and four-tenths (39.4) square perches of land, strict measure." The amount of land claimed in this action is 283 square feet which the plaintiffs allege is included in the grant to him from Mrs. Patterson. The parties to the conveyance were at the premises before the article of agreement was executed and the grantee was familiar with the locality. It clearly appears from the deed and the article of agreement preceding it that a public road was the northern boundary and a run, the southern boundary of the premises conveyed. It is not disputed that this run is a small stream known in the locality as Sulphur Run and it is admitted by the plaintiff that its present location is practically the same as when he bought and all the evidence shows that it has been since 1879 in the same location. Mrs. Patterson was the owner of other land immediately south of the run and the land in dispute is some distance south of that stream. The landmarks on

the ground are conspicuous and a perusal of the deed would at once lead the reader to the conclusion that the vendee acquired the land between the road and the run. The plaintiffs' survey shows however that the distances called for carry the description south of the run and his surveyor testified that the land claimed was within the description in the plaintiffs' deed, regard being had to the distances along each course. The description as contained in the deed is not ambiguous but when applied to the land two at least of the lines were found to be longer than those required by the monuments. Either the lines were not correctly measured or the monument on the ground called for by the deed was not in the location it was supposed to occupy. Under such circumstances the rule is well established that fixed boundaries indicated by permanent monuments on the ground control, and that the distances when differing therefrom must give way to such monuments: Pringle v. Rogers, 193 Pa. 94; Miles Land Co. v. Hudson Coal Co., 246 Pa. 11; Over v. Lindsay, 255 Pa. 283. It is said, however, that the course of the run was changed by a flood in 1879 and that it occupied a location south of its present location prior to that time. This is not a material consideration, however, for it is admitted that the stream flowed in its present bed for at least thirty years before the plaintiffs acquired title and they knew where the stream was at that time. Under such circumstances there was no place for evidence that the boundary was somewhere else than along the middle line of the run. The question whether the run was a boundary was one of construction for the court. There was no allegation that there was any other run there at the time of the conveyance and the question was one of law. The jury might have been instructed to find on the undisputed facts that the plaintiff's south boundary was the middle line of Sulphur Run for this is clearly called for in the description in the deed. The article of agreement was properly treated as evidence supporting the defendant's position that the run was the

boundary line.   Where a mistake in a deed is alleged the article of agreement leading up to it is competent to show the intent of the parties:   Koch v. Dunkel, 90 Pa. 264. We are not persuaded that the trial judge erred in entering the judgment complained of.

Judgment affirmed.