Fleming et ux. *v.* Klein et ux., Appellants.

Argued April 25, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*P. J. Little* and with him *Charles Hasson,* for appellants.—Monuments control courses and distances, and therefore, plaintiffs cannot recover, as the location of the monument on the ground is admitted by all parties and shows the land in dispute belongs to defendants: Lykens v. Whelan, 15 Pa. 483; Muhlenburg v. Druckenmiller, 103 Pa. 631.

*F. J. Hartman* and with him *Charles S. Evans,* for appellee, cited: Malone v. Sallada, 48 Pa. 419; Quinn v. Heart, 43 Pa. 337; Chisholm v. Thompson, 233 Pa. 181.

OPINION BY LINN, J., July 10, 1930:

This action of ejectment turns on the construction of plaintiffs' title-papers. Defendants, who are appellants, contend that by the application of the familiar rule that courses and distances in a deed yield to boundaries located on the ground, they were entitled to binding instructions in their favor. Plaintiffs contend that their evidence identifies on the ground the disputed boundary prescribed as a monument or call in the deeds and justifies their verdict

The land in dispute is in Cambria Township, Cambria County, several miles from Ebensburg. It is a small five-sided piece containing .641 acres, and it will facilitate understanding the controversy if it be noted now that the southern boundary is by a course north 85° 15' west 230 feet; the next or western boundary (the location of which is disputed in the case) is by a course north 24° 30' west 139 feet. The plaintiffs claim the tract as part of their farm, the southern boundary of which is by the same course north 85° 15' west for a distance of 1686 feet (the last 230 feet of which are the southern boundary of the land in dispute).

We understand from a map in evidence that defendants are adjoining owners on the south-west of

plaintiffs' farm and claim that the tract in dispute is part of their farm, though they offered no evidence in this case. One of plaintiffs testified that defendants bought their farm in 1928.

The record shows that prior to 1851 plaintiffs' farm and the disputed land were in a common owner, Richard Bennett. By deed executed in 1851 and duly recorded, he conveyed the tract (now plaintiffs' farm as including the disputed .641 acre) to his son, Bennett, Jr. The land conveyed in that deed is described by 15 courses and was also identified by a map made part of the deed, a copy being recorded with the deed; see Goldsmith v. Fillman 33 Pa. Superior Ct. 44. The 5th course of the description in that deed (which is the southern boundary of plaintiffs' farm, and also, as has been stated, of the land in dispute), is "west 95 perches to the center of the public road", and the 6th course is "by the same [public road] north 28° west 6 perches". By deed of 1855 duly recorded, Bennett, Jr., conveyed the same farm to Davis; the 5th course in this deed, being "thence north 88½° west 100 perches to a post in the center of the public road" and the 6th course "thence by said road north 28° west 9 perches to a post". After the death of Davis the farm was sold to Jones by proceedings in the orphans' court, and the deed, made in 1869, repeated the 5th and 6th courses as last quoted. After the death of Jones, his widow and children in 1892 conveyed to Black by deed duly recorded, the 5th and 6th courses again being the same as those last quoted. In 1904 there was a conveyance by Black to Black in which the 5th and 6th courses were repeated, though, curiously, the 3rd and 4th courses as described in all the earlier deeds (together over 130 perches in length) were entirely omitted, with nothing to take their place. Black, the grantee, went into bankruptcy and his land was sold by the trustee, and in the deed made in 1919 conveying the land to the present plaintiffs, the 3rd and 4th courses of the orig-

inal deeds were again omitted, and the 5th and 6th courses were written as quoted from the earlier deeds, except that the course north 88½° was written south 88½°. Under those deeds, the present plaintiffs took possession. Thereafter on August 31, 1927 they conveyed the land to Griffith and wife, again omitting the 3rd and 4th courses referred to above, and again describing the course 88½° south instead of north, but otherwise repeating the 5th and 6th courses as in the former deeds. On the same day Griffith and wife, by deeds duly recorded the same day, re-conveyed the farm to the plaintiffs by a corrected survey; the 5th and 6th courses being as follows "north 86° and 8' west 1686 feet to a post, thence by same along the township road following courses and distances, north 26° west 139 feet to a post". In all these deeds there was a recital individuating the land conveyed as that which had been conveyed by the preceding grantor to the party last conveying. We have referred to these deeds thus fully because defendants contend that the disputed land is not within the boundaries set forth in these deeds.

The dispute by the parties concerning the title to the .641 acre tract grows out of the following circumstances stated in the evidence. When the deed was made by the elder Bennett in 1851, the southern course of the farm now described as north 85° 15' west was stated as extending to the "center of the public road", —a road which, though since abandoned, at that time was actively used and known in the evidence as the old road; from the center of road at that point, the western boundary of the farm follows the center line of the township road by a number of courses. In a general way, the farm may be said to be L shaped, the base of the letter being almost a rectangle about 575 feet wide. Some years—not definitely stated—after 1851, a public highway was constructed across the rectangular base of the letter L near the up-right stem; in the evidence it

is designated as the State Highway to Carrolltown; it crosses the lower part of the farm about 1456 feet from the beginning of the southern boundary several times referred to as the course north 85° 15' west, therefore leaving a distance of 230 feet from the center of the State Highway to the center of the old township road which the plaintiffs contend is the monument on the ground constituting this boundary and enclosing the land in dispute in their title.

It may be said at this point that the contention of the defendants is that, as the State Highway to Carrolltown was in existence when the deed to the plaintiffs was made in 1919, and it is the first public highway crossed by the southern boundary line, it must be taken as the monument on the ground terminating the course north 85° 15' west, notwithstanding that course extends beyond it and that the point is 200 or more feet short of the center of the old road which plaintiffs contend was intended to be the boundary of their land, thus calling for the application of the general rule (as defendants contend) that courses and distances must yield to boundaries on the ground.

Plaintiffs called as witnesses surveyors who made surveys of the farm pursuant to the descriptions in the old deeds, who testified that, while a portion of the old road—the course north 24° 30' west 139 feet—had been abandoned, it was plainly traceable on the ground. They also put in evidence the record of the quarter sessions of Cambria County showing the survey and line of that road made pursuant to statute, together with evidence that, as laid out on the ground, it coincided with the course referred to as stated in the deeds. Witnesses who had lived on or about the land for many years were also called, and one of them testified that this was "always known to me as the old road", though over-grown with brush and grass.

Defendants offered no evidence but moved for binding instructions in their favor. The court charged

the jury to determine whether the land in dispute was embraced in the plaintiffs' deeds in the light of the oral evidence; see Morse v. Rollins, 121 Pa. 537, 542. The jury rendered a verdict for plaintiffs. Defendants moved for judgment in their favor on the whole record and, their motion having been refused, and a judgment being entered for the plaintiffs, took this appeal.

We need not repeat the rules for the construction of deeds recently stated in Harper v. Coleman, 94 Pa. Superior Ct. 62. Though in proper cases, courses and distances yield to monuments on the ground, the rule is one of necessity, adopted to ascertain the expressed intention to the parties. In Pringle v. Rogers, 193 Pa. 94, DEAN, J., said: "The rule is a very ancient one ......Hundreds of thousands of acres of land in this Commonwealth are now held because of the judicial enforcement of it; for it is a well known fact that but few of the recorded distances of the early surveys were afterwards found correct, when run between the monuments on the ground. Today owners of lands under deeds which have not been the subject of judicial interpretation rest secure in the conviction that their boundaries are determined by the monuments on the ground. The legal profession understand the rule to be so irrevocably settled that they do not counsel litigation in the face of it. True, in our courts, it was probably first applied in determining disputes under original surveys, and these have been the subject of its application since in the large majority of cases; but the reasons on which it was founded were just as persuasive in impelling its adoption in disputes concerning the innumerable divisions and subdivisions of land as in those resulting from original surveys. It is one to which less uncertainty is attached than to any other. It was not framed because mistakes occurred, only from mismeasurement of the surveyor, or carelessness of the scrivener in recording the distance, but because experience and observation had demonstrat-

ed that the surveyor or engineer was less likely to mistake by sight and record the monument at which he stopped than his measurement and computation of the distance.''

But it is not the only rule of construction; the duty of the court is to find the expressed intention of the parties. The evidence offered by plaintiff—it is not contradicted—clearly shows that what the witnesses designated as the old road was intended to be the terminus of the course north 85° 15' west, and not the State Highway 200 or more feet short of the terminus of the course as stated in the deed; by using the old road as it still may be seen on the ground, the description closes and is complete, and describes the farm substantially as it was described (allowing for the obvious errors noted above) ever since 1851. Moreover, if the length of the course be reduced 200 or 230 feet and the State Highway be adopted as the terminus, another difficulty presents itself; then, three courses and distances must be supplied to complete the description of plaintiffs' farm in such way as to exclude the land from plaintiffs' farm and give defendants or any other claimant title to the disputed area.

Where there are two monuments on the ground, one claimed by one side, and the other by a rival, parol evidence may be received to determine which was intended; in cases where, as here, the evidence is clear and uncontradicted, the court may direct a verdict for plaintiff; C. F. Fuller v. Weaver, 175 Pa. 182; Hughes v. Westmoreland Coal Co., 104 Pa. 207. In Donaldson v. Fellabaum, 68 Pa. Superior Ct. 347, it appeared that a run was specified as a boundary, but that the distances called for would carry the boundary beyond the run. It was held that the run must control; but, it is to be observed that there was only one possible monument on the ground, not two, as in the case at bar. ''The question whether the run was a boundary was one

of construction for the court. There was no allegation that there was any other run there at the time of the conveyance and the question was one of law. The jury might have been instructed to find on the undisputed facts that the plaintiffs' south boundary was the middle line of Sulphur Run for this is clearly called for in the description in the deed. The article of agreement was properly treated as evidence supporting the defendant's position that the run was the boundary line''. Donaldson v. Fellabaum, 68 Pa. Superior Ct. 347.

Judgment affirmed.