Merlino *v.* Eannotti et ux., Appellants.

Argued November 17, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Robert W. Smith*, with him *H. Reginald Belden* and *Smith, Best & Horn*, for appellants.

*Joseph M. Loughran*, with him *Frederick T. Seymour*, for appellees.

OPINION BY WRIGHT, J., January 14, 1955:

N. J. Merlino and Ida R. Merlino, his wife, filed an action in ejectment against Frank Eannotti[1] alleging that they were the owners, and entitled to possession of Lot No. 199 in the Repasky Plan of Lots recorded in the Office of the Recorder of Deeds of Westmoreland County, Pennsylvania. Following a trial without jury[2], a verdict was rendered by the trial judge (BAUER, J.) in favor of the plaintiffs. Exceptions were filed by the defendants. After argument before the Court en banc, judgment was entered in favor of

[1] At the time of trial permission was granted, plaintiffs to amend by adding Josephine Eannotti, Frank's wife, as a defendant. Merlino is Josephine's brother.

[2] See Act of April 22, 1874, P. L. 109, 12 PS §688.

the plaintiffs (LAIRD, P.J. dissenting). This appeal followed.

On August 21, 1947, Margaret B. Repasky and George S. Repasky, her husband, and Julia S. Repasky and Albert J. Repasky, her husband, conveyed to Frank Eannotti and Josephine Eannotti, his wife, "All that certain lot, a piece or parcel of land situate in the Township of Hempfield, County of Westmoreland and Commonwealth of Pennsylvania, being known and designated as Lot No. 201 in the first Addition to the Repasky Plan of Lots in Hempfield Township, Westmoreland County, Pennsylvania (said plan to be recorded) and said Lot No. 201 being more particularly described as follows, to wit: Beginning at a point in the South-easterly line of the public road leading from Greensburg to West Newton, where the same is intersected by the line dividing Lots Nos. 199 and 201 as shown on said plan; thence along the Southeasterly line of said public road South 81° 16′ East 78 feet to a point in said line where the same is intersected by the line dividing Lots Nos. 201 and 203; thence along the said dividing line South 7° 36′ East 103.9 feet to a corner common to Lots Nos. 201, 203, 202 and 200; thence by the line dividing Lots Nos. 200 and 201, South 89° 18′ West 75.41 feet to a point, corner common to Lots Nos. 199 and 201, North 7° 36′ West 116.8 feet to a point the place of beginning".

This deed is recorded in the Office of the Recorder of Deeds of Westmoreland County in Deed Book 1288 page 354. Shortly after purchasing the lot appellants began the erection of a concrete block foundation 23 by 30 feet on the westerly portion of the lot. This foundation was roofed over and is presently occupied by appellants as a dwelling.

On February 24, 1948, the Repaskys conveyed to Thomas Yurcovic and Margaret Yurcovic, his wife,

Lot No. 199 in the Repasky Plan of Lots, said deed being recorded in Deed Book 1323, page 320. On March 16, 1949, by deed recorded in Deed Book 1350 page 368, the Yurcovics conveyed to N. J. Merlino and Ida R. Merlino, his wife, Lot No. 199, the description in said deed being: "All That Certain lot, piece or parcel of land situate in the Township of Hempfield, County of Westmoreland and Commonwealth of Pennsylvania, being known and designated as Lot No. One-Hundred Ninety-nine (199) in the First Addition to the Repasky Plan of Lots in Hempfield Township, Westmoreland County, Pennsylvania, (said plan to be recorded) and said Lot No. One-Hundred Ninety-nine (199) being more particularly bounded and described as follows, to wit: Beginning at a point on the Southeasterly side of the public road leading from Greensburg to West Newton, where the same is intersected by the Northeasterly line of Wyoming Street; thence along the Southeasterly side of said public road, North 82° 24′ East 42 feet to a point in said road; thence by same, South 81° 16′ East 33 feet to a point, corner of Lot No. 201 as shown on said plan; thence by the line dividing Lots Nos. 199 and 201, South 7° 36′ East 116.8 feet to a point, corner common to Lots Nos. 198, 199, 200 and 201; thence by the line dividing Lots Nos. 198 and 199, South 89° 18′ West 80.08 feet to a point in the Northeasterly line of Wyoming Street; thence by said line in said Wyoming Street, North 7° 36′ West 120 feet to a point, the place of beginning".

The controversy arises from the location of appellants' foundation, which in turn involves the establishment of the true line dividing Lot 199 and Lot 201. Appellees contend that the foundation encroaches approximately 5 feet on Lot No. 199. Appellants contend that it is entirely within the lines of Lot No. 201. At the trial each side offered the testimony of two sur-

veyors. These four surveyors had each made an actual survey of Lot No. 199 on the ground.

Neither of appellees' surveyors commenced his survey at the place of beginning named in appellees' deed, although both of them agreed that there was no dispute as to the location of that point. Norbert G. Bell selected what he termed "an original plug" on Lynn Street at the dividing line between Lots Nos. 206 and 207. He then ran a line along Lynn Street in a southwesterly direction 330 feet [3] to a point which he established as the corner of Lots Nos. 198 and 200, then turned an angle and ran along the dividing line between those two lots in a northwesterly direction 113 feet to a point which he established as the corner common to Lots Nos. 198, 199, 200 and 201. He continued on this line toward West Newton Road and established what he alleged was the correct dividing line between lots Nos. 199 and 201. Then returning along this line to the common corner of Lots Nos. 198, 199, 200 and 201, and following the course set forth in appellees' deed, he turned the angle toward Wyoming Street and found the intersection of Wyoming Street and the line dividing Lots Nos. 198 and 199. He measured this line as 80.08 feet. He then turned the corner and followed the course along Wyoming Street to its intersection with West Newton Road. At this point (the

---

[3] A plan of some 343 building lots, dated June 8, 1950, and marked "First Addition, Repasky Plan of Lots", was recorded in the Office of the Recorder of Deeds of Westmoreland County on July 1, 1950. This plan shows the lines of Lots 200 and 202 fronting on Lynn Street to be 75 feet each, and the corresponding lines of Lots 204, 205, and 206 to be 60 feet each, total 330 feet. It is significant to note that the course and distance of only one line of Lot No. 199 can be determined from the plan, i.e., the line common to Lots Nos. 199 and 201. The plan was prepared by Robert A. Ramsay, who was not called by either side. The plan was introduced into the record as one of appellees' exhibits.

place of beginning mentioned in appellees' deed) he turned the corner and followed the courses and distances along West Newton Road and found that his survey did not close by approximately 6 feet. Consequently, the plan introduced in the record as Bell's survey shows a gap of six feet between the end of the second line on West Newton Road and the northwest corner of Lot No. 201. While Bell testified that appellants' foundation was 5½ feet over on Lot No. 199, he admitted that he was giving appellees 6 feet more frontage on West Newton Road than the frontage called for in their deed. He further admitted that, had he commenced his survey at the place of beginning set forth in appellees' deed, the fourth line would have extended into Wyoming Street approximately 6 feet.

Appellees' other surveyor, Ralph F. Wilps, began his survey at the intersection of Lynn Street and Wyoming Street. After establishing the line of Wyoming Street to his satisfaction and finding the intersection of West Newton Road and Wyoming Street, he proceeded counter clockwise (instead of clockwise as does the description in appellees' deed) south along Wyoming Street 120 feet. At that point he turned an angle and, running the deed bearing in reverse, measured 80.08 feet to a point which he determined was the corner of Lots Nos. 198, 199, 200 and 201. He then turned the angle toward West Newton Road, again ran the deed bearing in reverse, and measured 116.8 feet, where he set a stake on the line of West Newton Road. Thereupon he stopped, went to the corner at the intersection of Wyoming Street and West Newton Road and ran the first course shown in appellees' deed "and that threw me out in the road". He then went to the stake which he had set on West Newton Road as the northeast corner of Lot 199, and ran the second line of appellees' deed in reverse until it intersected the first

line. By this method he arbitrarily established the first two lines of appellees' deed as North 82° 24' East 35.60 feet (42 feet in the deed) and South 81° 16' East 45.61 feet (33 feet in the deed). The testimony of Wilps that the first two lines called for in appellees' deed would actually corner in West Newton Road was not corroborated by Bell, and was contradicted by the two surveyors called by appellants. However, by thus in effect re-writing appellees' deed Wilps was able to make his survey close, and purported to show that appellants' foundation extended on appellees' side of the line a distance of from 5.2 feet to 6.2 feet.

Both of appellants' surveyors started at the point of beginning called for in appellees' deed and surveyed the lot in a clockwise direction following the courses and distances set forth therein. Samuel F. Hammer adhered to these courses and distances for the lines along West Newton Road and the line dividing Lots Nos. 199 and 201. At the end of the third line he turned the angle toward Wyoming Street and found that, to give the fourth line a measurement of 80.08 feet would extend it into the street. He therefore measured the line to the edge of the street, finding the actual distance to be 74.2. From this point he ran the last line along Wyoming Street to the place of beginning. Hammer's survey thus followed the description in appellees' deed in every detail except for the length of the rear line. By this survey, the foundation is on appellants' lot by a distance of 0.9 feet to 1.5 feet.

John D. Bott, appellants' other surveyor, followed the first two courses and distances in appellees' deed and established the northwest corner of Lot No. 201. He turned the angle called for in the deed and measured a distance of 119.63 feet along the dividing line. At the end of this line he turned the corner and found the course to be South 89° 08' West. As was the case

with Hammer, Bott found that the fourth distance called for in appellees' deed ran into Wyoming Street. He therefore measured that line to the edge of the street finding it to be 74.20 feet. Then running the final line to the place of beginning he found the course and distance to be as called for in appellees' deed. Bott's survey also showed appellants' foundation to be on Lot No. 201 by a distance of from 0.98 feet to 1.51 feet.

It is readily apparent that the theory adopted by appellees' surveyors is not tenable. Realizing that to follow the courses and distances set forth in appellees' deed would cause a conflict between the fourth call thereof and the established monument of Wyoming Street, they reversed courses or altered other calls in an effort to overcome this difficulty. It is well established that courses and distances in a deed must give way to monuments on the ground: *Rook v. Greenewald,* 22 Pa. Superior Ct. 641; *Donaldson v. Fellabaum,* 68 Pa. Superior Ct. 347; *Pleasant Hills Borough Incorporation Case,* 161 Pa. Superior Ct. 259, 53 A. 2d 882. Thus it was said in *Donaldson v. Fellabaum,* supra, 68 Pa. Superior Ct. 347: "The description as contained in the deed is not ambiguous but when applied to the land two at least of the lines were found to be longer than those required by the monuments. Either the lines were not correctly measured or the monument on the ground called for by the deed was not in the location it was supposed to occupy. Under such circumstances the rule is well established that fixed boundaries indicated by permanent monuments on the ground control, and that the distances when differing therefrom must give way to such monuments".

The trial Judge, in accepting appellees' surveys concluded that a counter-clockwise survey was the cor-

rect method of determining the proper lines. We do not consider such a conclusion warranted by the actual monuments on the ground. Where the calls are readily ascertainable, all corners are of equal dignity and a survey may be started at any one of them. However, where the beginning corner is the only one marked on the ground, it is necessarily of controlling force: 11 C.J.S. Boundaries Section 12. Reversing the lines of a survey should be resorted to only when the terminus of a line cannot be ascertained by running forward. When the beginning corner is known, the calls ought not to be reversed except in order to make the survey close: 11 C.J.S. Boundaries Section 9.

The description in appellees' deed is clearly erroneous. Their own surveyors could not reconcile the courses and distances given therein with the established place of beginning at the intersection of Wyoming Street and West Newton Road, two well-recognized monuments. Neither could they adjust the fourth call to meet Wyoming Street at the distance given without doing violence to the line of appellants' lot. In the words of Judge CUNNINGHAM in *Goodman v. Petroleum Engineering Corp.*, 101 Pa. Superior Ct. 591: "It is obvious that the Goodman (here Merlino) deed is a blunder throughout and that its distances can receive no recognition". When the description is made to conform to the existing monuments we reach the result contended for by appellants.

In the second place, the common source of title was the Repaskys. Appellants' deed, made August 21, 1947, antedated appellees' conveyance by approximately six months. The second course of appellees' deed runs "to a point, corner of Lot No. 201 as shown on said plan; thence by the line dividing Lots Nos. 199 and 201". The evidence shows that appellees had actual notice of the fact that appellants had purchased Lot No. 201

and had constructed and were living in the foundation prior to the time appellees acquired title to Lot No. 199. Since appellees had notice that this prior conveyance adjoined and was a boundary line of the property being conveyed, it was incumbent upon them to ascertain where the boundary line of the prior conveyance ran, for their line "would not only yield to, but extended up to, the lines of the earlier deed": *Detwiler v. Coldren,* 101 Pa. Superior Ct. 189. And see *Thompson v. Kauffelt,* 110 Pa. 209. Where there is a clash of boundaries in two conveyances from the same grantor, the title of the grantee in the conveyance first executed is, to the extent of the conflict, superior; and this is so even though the conveyances were made with reference to a map or plot: 11 C.J.S. Boundaries Section 60. Where land is described in a deed of conveyance by courses and distances and also by calls for adjoinders, the latter, where there is a discrepancy, must govern: *Koch v. Dunkel,* 90 Pa. 264.

Appellees in their complaint set forth the description as it appears in the deed to them, and made no allegation that this description was erroneous. Although the trial Judge had not so found, the court en banc, apparently adopting the Wilps' survey, rewrote appellees' deed by increasing the length of the frontage along West Newton Road from the original 75 feet to 81.21 feet. We have concluded that the evidence, in the light of the applicable legal principles, does not support such a finding. Moreover, the court en banc has no fact-finding powers: *Moore v. Gilmore Drug Co.,* 131 Pa. Superior Ct. 349, 200 A. 250.

N. J. Merlino testified: "After I had purchased this lot Mr. Eannotti had come up to speak to me and told me that he had Mr. Ramsey survey the ground 12 different times and each time he had found that the foundation was on my ground. At first he had told me

that the first few times he surveyed it was on 3 feet and after surveying it 12 times he finally said it was on 5 feet". Appellants failed to contradict this testimony. Appellees argue that the declarations of the owner of property are frequently offered to show boundaries, and constitute evidence of the highest probative value. However, the declaration in question was made after appellees had purchased. The trial Judge failed to mention this testimony in his findings of fact or discussion of the case. Likewise, we are not inclined to attribute significance to it, especially in view of the contradictory evidence given by the surveyors.

Under the legal principles applicable to the situation before us, the surveys can best be reconciled by making the fourth, or rear, line in appellees' deed conform to the actual distance from the end of the third course to Wyoming Street. This distance was fixed by appellants' surveyors at 74.2 feet, and this measurement was substantially confirmed by appellees' surveyors. Our conclusion recognizes the rights to which appellants are entitled by reason of the priority of their conveyance. Furthermore, it abides by the principle that a call in a survey is subservient to a monument on the ground. Finally, it gives to appellees the frontage on West Newton Road to which they are actually entitled under their deed.

The judgment is reversed and is here entered for appellants.