Commonwealth of Pennsylvania, Pennsylvania Game Commission, Petitioner *v.* David A. Keown and Evelyn M. Keown, his wife, Respondents.

Argued November 14, 1983, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*William R. Pouss,* Assistant Counsel, for petitioner.

*James A. Huff, II,* with him *R. Thomas Forr, Jr., Sullivan, Forr & Stokan,* for respondents.

OPINION BY JUDGE MACPHAIL, February 27, 1984:

The Pennsylvania Game Commission (Commission) appeals to this Court from an order of the Board of Property (Board) which held that the Commission had encroached 89 feet upon lands of Mr. & Mrs. Keown (Appellees) for the entire length of their eastern boundary and enjoined the Commission from disturbing Appellees' peaceful enjoyment of the disputed land. We will affirm.

This litigation began as a petition by Appellees to the Board for resolution of a boundary dispute between the Commission and Appellees. Jurisdiction in such matters is lodged in the Board by virtue of Section 1207 of The Administrative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §337. It appears that the Appellees' petition was filed with the Board on or about May 10, 1976. A Board hearing was held November 30, 1977. The Board's decision was dated September 28, 1982. None of the members of the Board who heard the case were members of the Board who decided the case.

The Commission argues that the critical findings of fact made by the Board are not supported by substantial evidence; that the Board's conclusion regarding the location of the Commission's western boundary as it affects Appellees' eastern boundary was in error; and that the Board's decision was not in accordance with the law.

Boundary disputes are always difficult, especially where deeds and surveys vary and competent surveyors differ in their conclusions. A complete review of the evidence heard by the Board in this case would serve no useful purpose. We will, however, endeavor

to highlight the evidence which seems critical to the result.

By deed dated January 5, 1953 and recorded January 7, 1953, Appellees became owners in fee of a tract of real estate containing 5 acres and 118.12 perches, rectangular in shape with dimensions of 321.20 feet by 778.20 feet. There is no reference in that deed to a survey; however, the tract was physically surveyed after the deed was recorded and its boundaries were confirmed thereby. The Commission became vested of its title by a deed dated June 16, 1971 and recorded June 23, 1971. The deed recites that the tract contains 3,635.7 acres by actual survey.[1] That survey was based in large part upon a wall map in the office of Commission's grantor. Neither the origin of, the basis for nor the surveyor who drew the wall map are known. There is no reference to the map in any of the deeds in the Commission's source of title. The description in the Commission's present deed was made without reference to deeds of record in the courthouse. The eastern boundary of Appellees' land adjoins a small portion of the western boundary of the Commission's land. It is agreed that the description in the Commission's deed of its western boundary would overlap or encroach upon Appellees' eastern boundary by 89 feet. Both parties produced surveyors as witnesses and both parties submitted drafts, surveys and deeds to support their respective positions.

Neither party disputes the well established principle that what is a boundary line is a question of law but where a boundary line is actually located is a question of fact. *Murrer v. American Oil Co.*, 241 Pa. Superior Ct. 120, 359 A.2d 817 (1976). Where the facts

---

[1] There was also a prior deed from the same grantor to the Commission on January 22, 1971 describing what appears to be the same tract of land but giving its acreage as 3,396.7 acres.

found by the fact-finder are based upon substantial evidence, they will not be set aside on appeal. *Id.* Neither does either party to this dispute take issue with other principles of law relied upon by the Board to guide it in reaching its result. Where maps are referred to in a conveyance, they are regarded as incorporated into the instrument and given considerable weight in determining the true description of the land. *Dallas Borough Annexation Case,* 169 Pa. Superior Ct. 129, 82 A.2d 676 (1951). Testimony of experienced surveyors, especially those familiar with original monuments, is extremely valuable in establishing the location of boundary lines. *Will v. Piper,* 184 Pa. Superior Ct. 313, 134 A.2d 41 (1957). Courses and distances must give way to monuments on the ground and parol evidence as to the existence of such monuments is admissible. *Id.* Where land is described by courses and distances and also by calls to adjoiners, the latter must govern where there is a discrepancy. *Merlino v. Eannotti,* 177 Pa. Superior Ct. 307, 110 A.2d 783 (1955).

Abstracts of the two tracts disclose no common ownership of the two tracts at any prior time. Appellees' tract was once part of a larger 40 acre tract which has significance because in ascertaining the southwestern corner of Commission's land, Appellees' witnesses utilized a monument that had been established as the southeastern corner of the 40 acre tract.

In this appeal, the Commission claims that there is no substantial evidence to identify the southwestern and northwestern corners of its tract as found by the Board. We must disagree. There is testimonial evidence as to both corners by registered surveyors who were obviously familiar with the real estate in question. The Commission's contention that such evidence is inconsistent with its own surveyors and particularly its exhibit F does not mean that the Board cannot ac-

cept Appellees' evidence. Reaching a result in favor of the Appellees does not mean that the Board found Appellees' witnesses more credible than those of the Commission; rather, since all of the surveyors were competent in their field of expertise, the Board had to determine how much *weight* should be given to the testimony of those witnesses. This could be and we believe was done by the Board by searching the record for the informational sources upon which each of the witnesses relied in reaching their respective conclusions.

Our careful review of the record leads us to the conclusion that the Board's critical findings are based upon substantial evidence and, therefore, cannot be set aside by this Court. *Murrer.*

The Commission is concerned that when the Board established Appellees' boundary by reference to the southwestern corner of the Commission's land which corner is south of the southern boundary of Appellees' land, and the northwestern corner of Commission's land which is considerably north of the northern boundary of Appellees' land, the Board has thereby given to Appellees or others real estate to which no claim has been made. This is not true, of course. The only matter at issue in this case was the 89 feet along the eastern boundary of Appellees' land, a distance of some 320 feet. Appellees have no interest in nor could they claim any interest in anything other than their own land.

The Commission's concern about the delay in the Board's decision is a valid one. The Code is clear that the Board's decision must be made within 30 days. Even though the case is a complicated one, we can think of no legitimate excuse for a five year delay in rendering a decision. While we do not condone such practices, neither can we find any authority which

would authorize us to set aside the decision for that reason alone.

We are likewise concerned, as is the Commission, that none of the members of the Board who heard the case were members of that Board when the case was decided. If there were great issues of credibility here, we would feel that the case should be reheard. The only real conflict in testimony, however, is among the surveyors each of whom relied upon documentary and physical evidence in the record. As we have said, the conflict here was resolved not upon credibility but upon the weight to be given to the evidence. A rehearing would likely be nothing more than a repetition of what is already in the record and memories of what occurred would be six years older. We think the Board gave careful consideration to the record and that, in this instance and under these peculiar circumstances, the record itself supports the Board's findings. Having said all of the above, certainly this Court and the litigants would have been much happier had the hearing Board members determined the issue.

Finally, the Commission contends that there is some doubt that all of the Board members participated in the decision since it is signed only by its chairman. Again we do not understand the Board's practice in this respect but the face sheet of the opinion sets forth the names of all three Board members. Since there are no dissenting opinions and no other evidence to the contrary, we will assume that the other two Board members participated in the decision and concurred in the result.

Order affirmed.

ORDER

The order of the Board of Property dated September 28, 1982 is affirmed.