J-A24010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DALE R. FOLLMER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CONNIE L. LEESE, DERRIL R. SMITH | : | |
| JR., TERRY SMITH, ALBERT F. | : | |
| SMITH, ALLEN W. SMITH | : | No. 811 MDA 2018 |
| | : | |
| Appellants | : | |

Appeal from the Judgment Entered May 7, 2018
In the Court of Common Pleas of Union County
Civil Division at No(s):  15-0766

BEFORE:  OTT, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 14, 2019**

Connie L. Leese, Derril R. Smith, Jr., Terry Smith, Albert F. Smith and

Allen W. Smith (Leese/Smith) appeal from the judgment entered on May 7,

2018, in the Court of Common Pleas of Union County, removing Leese/Smith

from possession of a .2-acre portion of a parcel of land.  In this timely appeal,

Leese/Smith argues the trial court erred "by ignoring the obvious intent of the

parties and relying solely on the Doctrine of Superior Title."  **See** Appellants'

Brief at 4.  After a thorough review of the submissions by the parties, relevant

law, and the certified record, we affirm based on the trial court opinion.

Our standard of review for an action in ejectment is as follows:

[Appellate review is] limited to a determination of whether the
findings of the trial court are supported by competent evidence
and whether the trial court committed error in the application of
law. Findings of the trial judge in a non-jury case must be given

the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.

**Anderson v. Litke Family Ltd. Partnership**, 748 A.2d 738, 739 (Pa. Super. 2000).

Additionally, the following principles apply:

The plaintiffs' burden in an action in ejectment at law is clear: they must establish the right to immediate exclusive possession. Recovery can be had only on the strength of their own title, not the weakness of defendant's title. The crux of an ejectment action, therefore, rests with the plaintiffs' ability to identify, by a preponderance of the evidence, the boundaries of a parcel of land to which they are out of possession but for which they maintain paramount title.

**Doman v. Brogan**, 592 A.2d 104, 108 (Pa. Super. 1981).

The genesis of this dispute is two handwritten deeds. Foster J. Smith[1] is the common grantor of both deeds at issue in this matter. In 1964, Foster J. Smith conveyed, by handwritten deed, an approximately three-acre tract of land to the Cotners. In 1972, the Cotners conveyed approximately one acre of that land to the Liebs. In 1993, that one-acre tract was subsequently conveyed to Gene L. and Helen L. Smith, who, in 2005, conveyed the property to Dale R. and Sandra S. Follmer (now deceased). Dale R. Follmer is the plaintiff in the underlying ejectment action.

---

[1] There are many "Smiths" named in the deeds. It is of no particular relevance if any of the Smiths in the chain of title are related to the Defendant Smiths.

In 1985, some 21 years after the initial conveyance by Foster J. Smith to Cotners, Foster J. Smith transferred another parcel of his land to Derril R. and Arlene J. Smith. This parcel of land is approximately four acres. In 2009, this parcel of land was conveyed to Leese/Smith.

The Follmer deed and the Leese/Smith deed have a small overlap of approximately .2 of one acre. There are two structures impacted by this overlap, namely a trailer pad and a shed. The Follmer deed transects the shed in a generally north/south direction, but leaves the trailer pad intact. The Leese/Smith deed transects the shed in a generally east/west direction and runs slightly through a corner of the trailer pad. However, the trial court noted that testimony regarding the timing of when a trailer was located on the pad was inconsistent. Therefore, it is not clear if there was a trailer on the property at the time of the 1964 conveyance to Cotners. Additionally, the trial court heard and considered the trial testimony from surveyors hired by each party, as well as Foster J. Smith's brother, Elwood Smith.

Leese/Smith now argues, in part, that "It would have been 'illogical and unreasonable' for Foster Smith to have conveyed the portion of property where the cabin is located." in 1964,[2] and asserts the trial judge erred in ignoring this "fact" in granting ejectment in favor of Follmer.

---

[2] *See* Appellant's Brief at 10. Leese/Smith provides no citation to the record to support this statement. It appears what Leese/Smith refers to as the "cabin" is the trailer pad on which a trailer may have existed in 1964.

In rendering his decision, contrary to Leese/Smith's assertions, the trial judge clearly considered all the testimony in determining the intent of the conveyances. The trial judge took careful note of the description of the property on the Leese/Smith deed and determined the recitation of adjoining properties demonstrated Foster Smith did not intend to convey the disputed land in the Leese/Smith deed. Ultimately, the trial judge noted the Follmer deed, drafted 20 years prior to the Leese/Smith deed, was the superior deed. *See Merlino v. Eannotti*, 110 A.2d 307, 316 (Pa. Super. 1955) (where there is a clash of boundaries in two conveyances from the grantor, the title of the grantee in the conveyance first executed is, to the extent of the conflict, superior).

After a thorough review of the record, the briefs of the parties, the applicable law and standard of review, the trial court's decision is both supported by competent evidence and is free from legal error. The trial court's decision of August 28, 2017, provides a thorough analysis and properly disposes of the issue presented.[3] Accordingly, we rely upon that decision and direct the parties to attach a copy in the event of further proceedings.

---

[3] Despite our reliance on the trial court's opinion, we note that paragraph 19 of the findings of fact is an incomplete sentence. The subject of that paragraph is found on page 26 of the June 28, 2017, Notes of Testimony recounting how expert witness Nathaniel Gearhart believed that, regarding the survey for the Smith/Cotner conveyance, the measurement from the northwest corner began in an "erroneous place." *Id.* at 26. The trial judge did not rely on either expert surveyor to render her decision. *See* Conclusion of Law 8. Accordingly, this incomplete sentence in the findings of fact does not alter the ultimate legal conclusion not our ability to rely thereon.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/14/2019

COPY

DALE R. FOLLMER,
Plaintiff

vs.

CONNIE L. LEESE
DERRIL R. SMITH, JR.
TERRY SMITH,
ALBERT F. SMITH,
ALLEN W. SMITH,
OCCUPANTS,
Defendants

: IN THE COURT OF COMMON PLEAS
: OF THE 17TH JUDICIAL DISTRICT
: UNION COUNTY BRANCH
: PENNSYLVANIA
:
:
: CIVIL ACTION – LAW
:
: EJECTMENT
:
:
: NO. CV-15-0766

PROTHONOTARY
CLERK OF COURTS

2017 AUG 28 PM 4:04

FILED
UNION COUNTY, PA

## ORDER

AND NOW August 28, 2017, for the reasons set forth in the Decision of the Court filed this same date, it is hereby ORDERED as follows:

1. Judgment is entered in favor of Plaintiff and against Defendants.

2. Defendants are hereby ejected from that portion of Plaintiff's property identified as approximately .2 acre, a parcel shown on Plaintiff's Exhibit 8 as "the deed overlap," a yellow box with dimensions of 91.57 feet x 88.93 feet x 97.13 feet x 70.5 feet.

BY THE COURT:

Knight, S.J.

Copies to: Lonnie C. Hill, J.D,
Joseph F. Orso III, J.D.
+ Louise Knight, S.J.I
Ecopies to:
Hon. Michael T. Hudock, P.J.
Hon. Michael H. Sholley, J.
Jenna Neidig, J.D., Law Clerk
+ Deputy Court Admin.
+ Admin. Assistant
8/30/17

Coded 8/30/17
Jen Falso 77,78



| | |
|---|---|
| DALE R. FOLLMER,<br>Plaintiff<br><br>vs.<br><br>CONNIE L. LEESE<br>DERRIL R. SMITH, JR.<br>TERRY SMITH,<br>ALBERT F. SMITH,<br>ALLEN W. SMITH,<br>OCCUPANTS,<br>Defendants | : IN THE COURT OF COMMON PLEAS<br>: OF THE 17TH JUDICIAL DISTRICT<br>: UNION COUNTY BRANCH<br>: PENNSYLVANIA<br>:<br>:<br>: CIVIL ACTION – LAW<br>:<br>: EJECTMENT<br>:<br>:<br>: NO. CV-15-0766 |

**DECISION – NONJURY TRIAL**

**Knight, S.J. - August 28, 2017**

## I. Procedural History.

Plaintiff commenced this case on December 31, 2015 as an action in ejectment seeking to remove the Defendants from possession of a portion of parcel of land, approximately .2 acre, which Plaintiff contends is part of a larger tract of approximately .97 acres (165 feet x 258 fee) titled to Plaintiff. The case was assigned for trial to the undersigned judge, which trial took place on June 28, 2017. After trial the Court permitted the parties to file supplemental findings of fact and conclusions of law along with supporting briefs.[1] The Court has considered the trial testimony, the parties proposed findings of fact and conclusions of law, and their respective briefs, and is now submitting its decision as required by Pa.R.C.P. 1038.

---

[1] The Plaintiff was granted the right to file a Reply Brief but did not do so.

Coded ___8/30/17___
Jen Falso       79, 80

## II. Findings of Fact.

1. Plaintiff is the owner of a tract of land of 165 feet x 258 feet, comprising approximately .97 acres. Plaintiff's Exhibits 8 and 9.

2. Defendants are the owners of a parcel or tract of land of comprising approximately 4.017 acres, a portion of which – approximately 91.57 x 88.9 x 97.13 x 70.5 feet or .2 acres – has been shown by a survey to overlap Plaintiff's property at its southwest corner. Plaintiff's Exhibits 7 and 8.

3. Defendants have excluded Plaintiff from the use and exclusive possession of the disputed parcel of land.

4. Plaintiff acquired title to his parcel by the following chain of title:

• May 25, 1964 William H. Siegal conveyed 50 acres and 155 perches to Foster J. Smith. See recital in Plaintiff's Exhibit 6.

• August 10, 1964 Foster Smith by handwritten deed conveyed approximately 3 acres to Marlin R. and Anna M. Cotner, which was the western portion of the original Siegal conveyance to Cotner. Plaintiff's Exhibit 1.

• April 15, 1972 Marlin R. and Anna M. Cotner conveyed the northern portion of this same 3 acres, a parcel approximately 165 feet x 258 feet (approximately .97 acres) to Vincent J. and Irene K. Lieb. Plaintiff's Exhibits 2 and 8.

• February 19, 1993 Irene Lieb conveyed the same parcel to Gene L. Smith and Helen L. Smith. Plaintiff's Exhibit 3.

2

• September 20, 2005 Gene L. Smith and Helen L. Smith conveyed the same 165 feet x 258 foot parcel to Dale R. Follmer and Sandra S. Follmer (now deceased). Plaintiff's Exhibit 4.

5. Defendants acquired their tract of land by the following chain of title:

• May 25, 1964 William H. Siegal conveyed 50 acres and 155 perches to Foster J. Smith.

• March 1, 1985 Foster J. Smith conveyed 4.017 acres of the same parcel to Derril R. and Arlene J. Smith. Plaintiff's Exhibit 6.

• April 28, 2009 Derril R. Smith conveyed the same 4.017 acres to Albert F. Smith, Derril R. Smith, Jr. , Connie L. Leese, and Allen W. Smith, the Defendants herein. Plaintiff's Exhibit 7.

6. Foster J. Smith is the common grantor of both the Plaintiff's and the Defendants' tracts of land.

7. The Foster J. Smith conveyance to the Cotners, which created the chain of title into Plaintiff of the 165 foot x 258 foot parcel, was in 1964. The Foster J. Smith conveyance to Derril R. and Arlene J. Smith, which created the chain of title into Defendants of the 4.017 acres, was in 1985.

8. The 1964 Foster J. Smith deed into the Cotners was a vaguely described, handwritten deed, referencing only distances and not direction. Plaintiff's Exhibit 1; Gearhart Testimony at 13 -14. The deed description was not the result of a survey, but only of boundaries measured off by the seller and buyers. It references two iron stakes, and also references the land of

3

Smith himself and land of adjoining property owners. The deed contains the following bearings (emphases added in bold):

8.1. Beginning at a point on center of public road opposite the upper part of Spruce Run Water Dam."

8.2. "... thence westerly along said road center two hundred fifty-eight (258) feet to a point;

8.3. "... then northerly **along lands of W. J. Raymond Rein,** "five hundred twenty-eight (528) feet to an iron stake."

8.4. "... **thence easterly along lands of Rein** two hundred fifty-eight (258) to an iron stake."

8.5. "...**thence southerly along lands of grantor** five hundred twenty eight (528) feet to the point of beginning." (Bold for emphasis)

The deed further states, "**It being the western part of a larger tract conveyed to Foster Smith by John Rein and Clara A. Rein.**" (Emphases in bold).

9. The 1985 Foster J. Smith deed into Derril R. and Arlene J. Smith (Plaintiff's Exhibit 6) contains the following bearings, and significantly identifies it boundaries by reference to the names of adjoining property owners (emphases added in bold):

9. 1. "Beginning at a point in the centerline of Township Route 403 at the southwest corner of a lot presently owned by **Jacqueline K. Smith...**"

4

9.2. "Thence North...thirty-eight and ten hundredths feet . . . to a point in the center of Township Route 403 at the southeast corner of lot presently owed by David W. Gair."

9.3. "Thence along lands of David W. Gair and Vincent J. Leib ... North to an iron pin situate at the corner of lands of Vincent C. Lieb and Carl Kuhns."

9.4. "Thence along lands of Carl Kuhns...to an iron pin at the north west corner of lands of Margaret Feudale."

9.5. "Thence along lands of Margaret Feudale...South to an iron pipe situate at the southwest corner of the Feudale tract."

9.6. "Thence along lands of the same [Margaret Feudale] ...South to an iron pipe situate at the corner of lands of Margaret Feudale and David L. Zeager."

9.7. "Thence along lands of David L. Zeager...South to an iron pin situate on the west property line of lands of David L. Zeager;"

9.8. "Thence along the same [land of David L. Zeager]...South to an iron pin situate at corner of lands of David L. Zeager and Randy S. Person."

9.9. "Thence along lands of Randy S. Persun and Jacqueline K. Smith...North to an iron pin situate at the northwest corner of the Jacqueline K. Smith lot;"

9.10. "Thence along lands of Jacqueline K. Smith...South to the point of place of beginning;"

5

10. The Lieb adjoining property owner appears to be the same party identified as the Grantee in the chain of title from Foster Smith into Follmer, the Plaintiff herein. Thus, the reference to "Lieb" appears to be a reference to the prior owner of the 165 foot by 258 foot parcel involved in this case.

11. It was clearly the intent of Foster J. Smith in naming the adjoining property owners for both the Plaintiff's and Defendants' predecessors in title, that the boundaries of the 1985 conveyance into Derril R. Smith would be framed by the named adjoining property owners, and that there would be no overlap between the 165 foot by 258 foot parcel owned by the Plaintiff and the 4.017 acre parcel owned by Defendants. Gearhart Testimony at 22-23.

12. The boundaries describing the adjoining land owners is shown on Plaintiff's Exhibit 9 (also Defendants' Exhibit 1), the survey of Larry J. Gearhart.

13. The deed from Derril R. Smith into the Defendants (Plaintiffs Exhibit 7) continues to report the corner of David W. Gair and also continues to identify the adjoining lands of Lieb and Kuhns:

13.1. "...along lands now or formerly of David W. Gair and Vincent J. Leib ... to an iron pipe situate at corner of lands now or formerly of Vincent C. Lieb and Karl Kuhns."

13.2. "...along lands now or formerly of Carl Kuhns."

14. On December 1, 2005, Matthew W. Laidacker, a Registered Professional Engineer and Land Surveyor, conducted a survey for Dale R. Follmer, the Plaintiff herein, and Sandra S. Follmer (now deceased), which

6

Follmer, the Plaintiff herein, and Sandra S. Follmer (now deceased), which revealed that part of the Defendants' 4.017 acre parcel overlapped the Plaintiff's property. See Plaintiff's Exhibit 8.

15. The dimensions and location of the Defendant's 4.017 acre parcel as shown on the Laidacker survey was based on a June 1984 survey prepared for Derril R. and Arlene J. Smith, by Larry J. Gearhart, Registered Professional Engineer and Land Surveyor.

16. In 2004 Nathaniel J. Gearhart, son of Larry J. Gearhart, and also a Registered Professional Engineer and Land Surveyor, prepared a survey for the Kuhns Brothers, who owned a tract of land bordering the original Cotner tract to the North and the West. See Plaintiff's Exhibit 8, wherein the referenced former Kuhns Brothers property is shown as the Kenneth E. Hassinger and Neil A. Courtney property, currently bordering the Plaintiff's property and property of Jeffrey J. Firman.

17. As part of his survey for the Kuhnses, Mr. Gearhart set the northwest corner of the Follmer property as one of the corners for the survey of the Kuhns property. Gearhart Testimony at 11.

18. Thus, both the Gearhart survey for the Kuhnses and the Laidacker survey for the Follmers identified the same northwest corner of the Follomer property. Gearhart Testimony at 10 -11, 28.

19. In Nathaniel Gearhart's opinion, the northwest corner of the original conveyance from Smith to Cotner was in all likelihood considered from a point

7

20. The surveys of the land in question are in conflict, and both surveyors acknowledged the lack of consistent location for pins and monuments utilized in the various deeds, and concluded that the precise location of the boundaries is unclear from a survey standpoint.

21. The property in dispute contains a single family dwelling and part of a shed. Plaintiff's Exhibit 8.

22. The testimony was confused as to the length of time the dwelling and the shed had been in the disputed area. Testimony of Dale Follmer, Elwood Smith, Terry Smith, Albert Smith, Allen Smith.

23. The testimony indicated that the single family dwelling was a trailer, as compared to a permanent residence. Testimony of Terry Smith.

24. In the opinion of both surveyors, dwellings located on a property are not important factors in locating boundaries for purposes of a survey, and are the last thing to be utilized. Laidacker Testimony; Gearhart Testimony at 14.

25. In the opinion of both surveyors, the deed earlier in time reflects senior title and carries great weight in a boundary dispute. Laidacker Testimony; Gearhart Testimony at 11, 12, 30.

8

## III. Conclusions of Law.

1. "The purpose of an ejectment action, as opposed to quiet title, is not to determine the relative and respective rights of all potential title holders, but rather the immediate rights between plaintiff and defendant involved in [the] particular litigation."[2] *Siskos v. Britz*, 790 A.2d 1000, 1006 (Pa. 2002).

2. "The crux of an ejectment action, therefore, rests with the plaintiffs' ability to identify, by a preponderance of the evidence, [citations omitted], the boundaries of a parcel of land to which they are out of possession but for which they maintain paramount title." *Doman v. Brogan*, 592 A.2d 104, 108 (Pa. Super. 1991).

3. When determining the rights of parties with conflicting legal descriptions or discrepancies in legal descriptions to two adjacent land owners, the most important factor is the intent of the parties at the time of the original subdivision. *Pencil v. Buchart*, 551 A.2d 302, 305-306 (Pa. Super.1998).

4. When faced with a boundary dispute, the function of the court is to ascertain and effectuate the intention of the parties. *Doman* cited above, 592 A.2d at 109.

---

[2] The Court's obligation is to decide the dispute between the parties, and it cannot concern itself with any resulting boundary problems that its decision might create for nonparties.

9

5. The plain meaning of a deed is the best indication of the intent of the common grantor to the parties' predecessor in title. *Pencil* cited above , 551 A.2d 302, 306 (Pa. Super. 1998).

6. Where the calls for the location of boundaries to land are inconsistent, resort is first had to natural objects of landmarks, next to artificial monuments, then to adjacent boundaries – which are considered a sort of monument - and thereafter to courses and distances. *Baker v. Rosyln Swim Club*, 213 A.2d 145, 148 (Pa. Super. 1964).

7. Reference to natural objects as landmarks is of no value to resolve the boundary dispute in this case because the original 1964 Foster Smith conveyance calls for "a white oak" at the northwest corner as a starting point, the existence for which there is no longer any evidence. Gearhart Testimony at 24-25.

8. The surveys of the disputed lands are in conflict, and neither carries controlling weight.

9. The testimony of certain witnesses to the existence of buildings located on the property of Plaintiff and of Defendants carries no weight since a reference to buildings within a deed description plays no role in determining a boundary unless it is utilized as a monument locating a boundary. *Pencil v. Buchart, cited above,* 551 A.2d at 306, *citing Post et al v. Wilkes-Barre Connecting R.R. Co.,* 133 A.2d 377, 378 (Pa. 1926).

10

10. The references in both deeds, from the common grantor Foster J. Smith in the chain of title to the parties, to adjoining property owners evidences an intent by Foster J. Smith to deed to the Smiths the western portion of his tract from William H. Siegal, with boundaries between the subdivided tract which do not overlap.

11. Where land is described in a deed of conveyance by courses and distances and also by calls for adjoiners, the latter where there is no discrepancy, must govern. *Merlino v. Eannotti*, 110 A.2d 783, 787-788 (Pa. Super. 1955), citing *Koch v. Dunkel*, 90 Pa. 264 (1879).

12. Additionally, "...where there is a conflict between boundaries described in deeds from the same grantor, the deed first executed has priority, and the grantee named therein has superior title, even though the conveyance is made with reference to a map or plot." *Id.*

13. Since the Plaintiff's deed was derived from a tract created by Foster J. Smith in 1964, and the deed to Defendants was derived from a tract created by Foster J. Smith in 1985, Plaintiff's title is superior to that of Defendants.

14. Plaintiff has established by a preponderance of the evidence his legal title to the land, the boundaries to his land, and his right to possession of that portion thereof claimed by Defendants.

11

## IV. Conclusion.

For the reasons stated, the Court will by separate Order enter judgment in favor of the Plaintiff and against Defendants and direct ejectment of the Defendants from the .97 acre parcel at issue.

BY THE COURT:

Knight, S.J.

Copies to: Lonnie C. Hill, J.D,
Joseph F. Orso III, J.D.

8/30/17

Ecopies to:
Hon. Michael T. Hudock, P.J.
Hon. Michael H. Sholley, J.
Jenna Neidig, J.D., Law Clerk

12

IN THE COURT OF COMMON PLEAS

Dale R Follmer
Plaintiff(s)

VS

Connie L. Leese
Derril R. Smith
Terry Smith
Albert F. Smith
Allen W. Smith
Defendant(s)

Case #15-0766

NOTICE OF ENTRY OF JUDGMENT

**To the Defendant(s) above-named:**

Notice is hereby given that the Plaintiff(s) above-named has caused a judgment to be entered against you in the above-named Court to the number and term set forth on May 7, 2018.

Prothonotary *Linda Richards*

Deputy *Jen Falso*